JENKS and others *against* J. PAYNE.

MOTION, on the part of the defendant, to set aside the verdict, and all subsequent proceedings in the cause. The venue was laid in the county of *Cortlandt*, where the defendant was arrested. He, afterwards, and before the declaration was delivered, removed with his family to *Whitestown*, in the county of *Oneida*, a distance of more than *fifty* miles from his former residence, and where he has since continued to live. The cause was noticed for trial at the last *June* circuit in *Cortlandt* county, at which an inquest was taken by default; but the notice being for less than *fourteen* days, a motion was now made to set aside the inquest for irregularity.

*If a defendant, living within 40 miles of the place of trial, changes his residence permanently, to a place beyond that distance, before issue is joined in the cause, he will be entitled to fourteen days notice of trial; but if he change his residence after issue joined, he is entitled only to eight days notice.*

*Donnelly*, for the plaintiffs.

*A. Payne*, for the defendant.

*Per Curiam.* The defendant, when he was arrested, resided within 40 miles of the place of trial; but before issue was joined in the cause, he removed from *Cortlandt* county, to a greater distance, and has since permanently resided at *Whitestown*. It does not appear that the defendant absconded from his former place of abode. He was, therefore, entitled to 14 days notice of trial. If, however, he had removed beyond the distance of 40 miles, after issue joined in the cause, he would have been entitled only to eight days notice. And such is the practice of the court of K. B. in *England*. (2 *Tidd's Pr.* 595. *Spencer* v. *Hall*, 1 *East Rep.* 688.)

Motion granted.(*a*)

(*a*) Vide *Lloyd* v. *Hooper*, 7 *East*, 624. *Douglas* v. *Ray*, 4 *Term Rep.* 552.